IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID EBANEZ, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | No. 3:18-cv-1562-G (BT) | |
| § | | |
| LORIE DAVIS, *Director*, TDCJ-CID § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner David Ebanez, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition as barred by limitations.

I.

Petitioner is in custody pursuant to convictions in two cases for escape and aggravated assault and a ten-year sentence in each case, which run concurrently. *State of Texas v. David Ebanez*, Nos. 17221-A and 17095-A (2nd Jud. Dist. Ct., Cherokee County, Tex., July 10, 2008).[1] But Petitioner does not challenge his convictions or sentences. Instead, he argues Respondent unlawfully denied him street-time credits after his parole was revoked. Respondent filed an answer

---

[1] A petitioner may file his § 2254 petition either in the district where his confined or the district where he is convicted. 28 U.S.C. § 2241(d). Here, Petitioner is confined in the Northern District of Texas.

arguing, among other things, that the petition is time-barred. Petitioner did not file a reply.

II.

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). Under 28 U.S.C. § 2244(d), the statute of limitations runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking direct review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, Petitioner does not challenge his criminal judgment under § 2244(d)(1)(A); nor does he assert a state-created impediment or newly-recognized constitutional right under § 2244(d)(1)(B) or (C). The Court therefore analyzes

Petitioner's claims under § 2244(d)(1)(D), which states the limitations period begins to run on the date the factual predicate of the claim could have been discovered through the exercise of due diligence.

Respondent argues the limitations period started on November 4, 2016, when Petitioner's parole was revoked. Respondent states Petitioner knew, or could have known with the exercise of due diligence, that once his parole was revoked, he forfeited all previously earned street-time credits. Petitioner did not respond to Respondent's limitations arguments. The Court therefore finds that the statute of limitations began to run on November 4, 2016, when Petitioner's parole was revoked. He then had one year, or until November 4, 2017, to file his § 2254 petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings or other collateral review. On December 6, 2016, Petitioner filed a TDCJ time-credit dispute form, which was denied on December 14, 2016. (ECF No. 10-4 at 22.) This form tolled the limitations period for nine days. On August 26, 2017, Petitioner filed two state habeas petitions, which the Court of Criminal Appeals denied on October 18, 2017. *Ex parte Ebanez*, Nos. 87,505-01, -02. These petitions tolled the limitations period an additional 45 days, for a total tolled period of 63 days. When 63 days were added to Petitioner's November 4, 2017, filing deadline, the new deadline became January 8, 2018.[2]

---

[2] Petitioner's deadline fell on Saturday, January 6, 2018. Under Fed. R. Civ. P. 6(a), his deadline became Monday, January 8, 2018.

3

Petitioner was therefore required to file his § 2254 petition by January 8, 2018. He did not file his petition until June 1, 2018. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis*, 158 F.3d at 811 for the proposition that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling"). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner makes no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

III.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed May 20, 2019.

                                                _____
                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGSTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).